IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

Angela Faulhaber                                              Civil Action No.

               Plaintiff

v.

Equifax Information Service, LLC;

And                                                           **JURY TRIAL DEMANDED**

JPMorgan Chase Bank, N. A.

               Defendants

## CIVIL ACTION

1. This is an action for actual, statutory, and punitive damages, costs, and attorney's fees pursuant to 15 U.S.C. §1681 et seq. (Fair Credit Reporting Act).

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is conferred by 15 U.S.C. §1681(p) and 28 U.S.C. §1331.

3. Venue in this District is appropriate under 28 U.S.C. §1391(b).

## PARTIES

4. Plaintiff is a natural person and a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

5. Defendant, Equifax Information Services, LLC, (hereinafter Equifax) is a Foreign For-Profit Limited Liability Company registered to do business in Texas and with a registered agent in Texas. Defendant is a "consumer reporting agency," as defined by 15 U.S.C. § 1681a(f), and is engaged in the business of assembling, evaluating, and disbursing information concerning

consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681a(d), to third parties. Based on information and belief, Equifax is reporting consumer credit files on over one million consumers in the Eastern District of Texas.

6. Defendant, JPMorgan Chase Bank, N. A., (hereinafter, Chase) is a Foreign for-profit company registered to do business in Texas and with a registered agent in Texas. Defendant is a "furnisher" of information, as defined by 15 U.S.C §1681s(a)&(b), who regularly and in the ordinary course of business furnishes credit information to one or more consumer reporting agencies about consumer transactions. Chase is a financial institution actively conducting business in the Eastern District of Texas.

## FACTUAL ALLEGATIONS

7. Plaintiff incorporates by reference all the foregoing paragraphs as though the same were set forth at length herein.

8. Defendant is reporting Plaintiff's JPM Chase (Chase) account # 5PA0* on Plaintiff's credit report.

9. Plaintiff's debt with Chase arose from a student loan. Chase closed the account on 07/2012, after the account was closed with a zero balance. Plaintiff's payment obligations to Chase ceased.

10. The trade line was updated to reflect a $0 balance when the account was closed on 07/2012.

11. According to Plaintiff's Equifax credit report dated 02/15/2019, Plaintiff's Chase account was closed with a $0 balance on or about 07/2012. Despite the Chase account being closed with a $0 balance on or around 07/2012, Chase continued to report an erroneous pay status of "60-89 Days Past Due" for the above listed account on Plaintiff's Equifax report dated

02/15/2019. It is impossible and incorrect for an account that is closed with a "0" balance to still be reporting as 60-89 Days Past Due as of 02/15/2019. Not only is the Chase account false on the face of the credit report, but this reporting is extremely misleading because it makes it look like the Plaintiff is still late on this account that was closed with a zero balance. In addition to being inaccurate, this reporting misleads the credit scoring algorithms used by the lending industry and thus lowers credit scores and further damages Plaintiff's creditworthiness and credit reputation.

12.   The pay status is a significant data field that represents the current condition of the account. The data field works independently of the other data fields in the reporting tradeline and is critical in maintaining accurate reporting. The account is inaccurately reporting that Plaintiff is currently "60-89 Days Past Due" on an account that has a $0 balance. Plaintiff's financial obligations that were once due to Chase have ceased. At the time that the account was closed, the account should have been reported with a "Pay Status" data field showing "closed". Instead of reporting the account as currently "60-89 Days Past Due", the correct reporting would have reported the pay status as "closed".  Reporting the account as currently 60-89 Days Past Due appears as if the account is a very recent delinquency, which it is not. Recent delinquencies are more damaging than older delinquencies because they are weighed heavier in determining credit scores. Because the "pay status" acts independently from the other information, the inaccurate reporting of 60-89 Days Past Due is reporting as if Plaintiff is currently late on payments to Chase even if those late payments are $0. Listing a debt with a $0 balance owed as past due is nonsensical. If no balance is owed, the consumer cannot be late paying the balance, the pay status must report as "closed". By continuing to report a balance, however, lenders believe that the consumer is currently late, which negatively reflects on consumers' credit repayment history, their financial responsibility as a debtor, and their credit worthiness/reputation.

13. Defendant is reporting Plaintiff's Keystone Best (Keystone) accounts # 5PA0* and 5PA0* on Plaintiff's credit report.

14. Plaintiff's debts with Keystone arose from student loans. Keystone closed the accounts on 07/2012, after the accounts were closed with a zero balance. Plaintiff's payment obligations to Keystone ceased.

15. The trade lines were updated to reflect a $0 balance when the accounts were closed on 07/2012.

16. According to Plaintiff's Equifax credit report dated 02/15/2019, Plaintiff's Keystone accounts were closed with a $0 balance on or about 07/2012. Despite the Keystone accounts being closed with a $0 balance on or around 07/2012, Keystone continued to report an erroneous pay status of "60-89 Days Past Due" for the above listed accounts on Plaintiff's Equifax report dated 02/15/2019. It is impossible and incorrect for accounts that are closed with a "0" balance to still be reporting as 60-89 Days Past Due as of 02/15/2019. Not only are the Keystone accounts false on the face of the credit report, but this reporting is extremely misleading because it makes it look like the Plaintiff is still late on these accounts that were closed with a zero balance. In addition to being inaccurate, this reporting misleads the credit scoring algorithms used by the lending industry and thus lowers credit scores and further damages Plaintiff's creditworthiness and credit reputation.

17. The pay status is a significant data field that represents the current condition of the accounts. The data field works independently of the other data fields in the reporting tradeline and is critical in maintaining accurate reporting. The accounts are inaccurately reporting that Plaintiff is currently "60-89 Days Past Due" on accounts that have a $0 balance. Plaintiff's financial obligations that were once due to Keystone have ceased. At the time that the accounts

were closed, the accounts should have been reported with a "Pay Status" data field showing "closed". Instead of reporting the accounts as currently "60-89 Days Past Due", the correct reporting would have reported the pay status as "closed". Reporting the accounts as currently 60-89 Days Past Due appears as if the accounts are a very recent delinquency, which they are not. Recent delinquencies are more damaging than older delinquencies because they are weighed heavier in determining credit scores. Because the "pay status" acts independently from the other information, the inaccurate reporting of 60-89 Days Past Due is reporting as if Plaintiff is currently late on payments to Keystone even if those late payments are $0. Listing a debt with a $0 balance owed as past due is nonsensical. If no balance is owed, the consumer cannot be late paying the balance, the pay status must report as "closed". By continuing to report a balance, however, lenders believe that the consumer is currently late, which negatively reflects on consumers' credit repayment history, their financial responsibility as a debtor, and their credit worthiness/reputation.

18. The computer algorithms used by the lending industry to determine a consumer's credit worthiness will misinterpret the status of Plaintiff's Chase and Keystone accounts as reported by Equifax to be current past due obligations, thus negatively affecting Plaintiff's credit worthiness.

19. Plaintiff will provide expert testimony at the appropriate time to demonstrate the negative effects of reporting a historical pay status in the current pay status data field.

20. Plaintiff disputed the inaccurate late pay status on their Chase and Keystone accounts through a dispute letter sent to Equifax.

21. Equifax did not follow reasonable procedures to assure maximum possible accuracy and has been reporting false and inaccurate information even after they knew or should have known that the information was incorrect.

22. Equifax did not provide a good faith investigation into the disputed pay status of the Chase and Keystone accounts. Equifax did nothing more than parrot inaccurate data from Chase and Keystone in their investigation.

23. Chase and Keystone did not provide a good faith investigation and failed to modify/correct, delete or block the disputed pay status of the Chase and Keystone accounts.

24. Based upon information and belief, Equifax received Plaintiff's dispute and transmitted the dispute to Chase and Keystone, triggering the investigation duties for defendant; however, defendant failed. Had they conducted a proper investigation, they would have discovered that the reporting of a late pay status for $0 balance accounts is nonsensical and wrong. Instead, Equifax verified the erroneous trade line displaying the late pay status.

25. Chase and Keystone continue to report, and Equifax continue to allow Chase and Keystone to report, a pay status indicating that the debts are currently late.

## COUNT I
## EQUIFAX INFORMATION SERVICES LLC'S VIOLATION OF 15 U.S.C. § 1681e(b) OF THE FAIR CREDIT REPORTING ACT

26. Plaintiff repeats, realleges, and reasserts the allegations contained in the paragraphs above and incorporates them as if specifically set forth at length herein.

27. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is used and defined under 15 U.S.C. § 1681a.

28.     Said reports contained information about Plaintiff that was false, misleading, and inaccurate.

29.     Equifax negligently and willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C § 1681e(b). This is evidenced by the fact that upon information and belief, Equifax allowed Chase and Keystone to report a pay status as actively delinquent despite a $0 balance indicated on the trade lines.

30.     Equifax is currently violating 15 U.S.C. §1681e(b), by not following reasonable procedures to assure maximum possible accuracy. If Equifax was complying with 15 U.S.C. §1681e(b), it would place a filter or formula in its reporting system that would suppress or block accounts with a zero balance from being reported with a current status of past due or late.

31.     Plaintiff's Chase and Keystone accounts were closed with a $0 balance, but Equifax continues to report the accounts with a late/past due status. If Equifax had reasonable procedures, they would not allow accounts to report as though the accounts are currently past due, with a "$0" balance. This is nonsensical. These accounts are reporting as though the Plaintiff is currently past due each month. With this type of reporting, Plaintiff will never be able to make their accounts current. Equifax lacks the procedures to avoid such faulty reporting. Equifax knows that these accounts were paid; however, they continue to report a current status as past due.

32.     As a direct and proximate cause of Equifax's failure to perform its duties under the FCRA, Plaintiff has suffered actual and compensatory damages, mental anguish, humiliation, and embarrassment.

33. Equifax's conduct, action, and inaction was willful, rendering it liable for actual and statutory damages, and punitive damages in an amount to be determined by the jury pursuant to 15 U.S.C. § 1681n. In addition to willful, Plaintiff also alleges that Equifax was negligent, which entitles Plaintiff to recover actual and compensatory damages under 15 U.S.C. § 1681o.

**COUNT II**
**EQUIFAX INFORMATION SERVICES LLC'S VIOLATION OF 15 U.S.C. § 1681i(a)(1)(A) & 15 U.S.C. §1681i(a)(5) OF THE FAIR CREDIT REPORTING ACT**

34. Plaintiff repeats, realleges, and reasserts the allegations contained in the paragraphs above and incorporates them as if specifically set forth at length herein.

35. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is used and defined under 15 U.S.C. § 1681a.

36. Said reports contained information about Plaintiff that was false, misleading, and inaccurate.

37. Equifax violated their duty under 15 U.S.C. §1681i(a)(1)(A) & 15 U.S.C. §1681i(a)(5) for failing to conduct a good faith investigation and failing to permanently delete or modify in accurate information after receiving Plaintiff's dispute. Plaintiff requested that Equifax reinvestigate the inaccurate reporting of the current pay status on their Chase and Keystone accounts via detailed and thorough dispute letter specifically disputing the inaccurate current "Pay Status: 60-89 Days Past Due".

38. Equifax did not conduct a good faith and reasonable investigation and failed to permanently delete or modify the inaccurate information after receiving Plaintiff's dispute. If they had, they would have discovered that Chase and Keystone was reporting an incorrect

historical pay status to them instead of an accurate current pay status. All the information Equifax needed to determine this was in its own records and files. Equifax failed in its duties under the Fair Credit Reporting Act and has not conducted its own independent investigation into Plaintiff's dispute of the Chase and Keystone accounts. Equifax simply parroted data from Chase and Keystone. Equifax did nothing more than regurgitate data from Chase and Keystone.

39. The fact that Equifax is currently reporting inaccurate information on Plaintiff's credit profiles/credit reports to the best of Plaintiff's information and belief, which are viewable and have been viewed by third parties, is proof that Equifax did not conduct a reasonable investigation. If Equifax would have thoroughly investigated the issues, they would have determined that the accounts were paid off, with a "$0" balance and still reporting as if Plaintiff is currently late and past due. If Equifax had conducted a reasonable and good faith investigation they would have corrected or deleted the Plaintiff's accounts that are inaccurate and misleading.

40. As a direct and proximate cause of Equifax's failure to perform its duties under the FCRA, Plaintiff has suffered actual and compensatory damages, mental anguish, humiliation, and embarrassment.

41. Equifax's conduct, action, and inaction was willful, rendering it liable for actual and statutory damages, and punitive damages in an amount to be determined by the jury pursuant to 15 U.S.C. § 1681n. In addition to willful, Plaintiff also alleges that Equifax was negligent, which entitles Plaintiff to recover actual and compensatory damages under 15 U.S.C. § 1681o.

## COUNT III
## CHASE'S VIOLATION OF 15 U.S.C. § 1681s-2(b) OF THE FAIR CREDIT REPORTING ACT

42. Plaintiff repeats, realleges, and reasserts the allegations contained in the paragraphs above and incorporates them as if specifically set forth at length herein.

43. At all times pertinent hereto, Chase was a "person" as that term is used and defined under 15 U.S.C. § 1681a.

44. Chase willfully and negligently supplied Equifax with information about Plaintiff that was false, misleading, and inaccurate.

45. Chase willfully and negligently failed to conduct a reasonable investigation of the inaccurate pay status information that Plaintiff disputed. Had Chase conducted a reasonable investigation, it would have recognized that the reporting of a late pay status on an account with a $0 balance is nonsensical and wrong.

46. Chase did not provide a good faith and reasonable investigation into the disputed current pay status on the account they reported to Equifax. Chase's investigation was unreasonable and lacking because it failed to lead Chase to correct the inaccurate pay status that they were reporting to Equifax regarding Plaintiff. A reasonable investigation would have discovered that they should not be reporting the account to Equifax with a late pay status. If the account had been reasonably and properly investigated, it would have no longer been reported as a current past due obligation and would have had much less of an impact on Plaintiff's credit worthiness. Instead, the Chase account is being reported as a current past due obligation monthly, which is inaccurate.

47. Chase willfully and negligently failed to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

48. As a direct and proximate cause of Chase's failure to perform its duties under the FCRA, Plaintiff has suffered actual and compensatory damages, mental anguish, humiliation, embarrassment, and injury to credit worthiness.

49. Chase's conduct, action, and inaction was willful, rendering it liable for actual and statutory damages, and punitive damages in an amount to be determined by the jury pursuant to 15 U.S.C. § 1681n. In addition to willful, Plaintiff also alleges that Chase was negligent, which entitles Plaintiff to recover actual and compensatory damages under 15 U.S.C. § 1681o.

50. Plaintiff has suffered actual harm due to Equifax still reporting the negative tradelines provided by Chase and Keystone on Plaintiff's Equifax report even though Equifax was put on notice of the inaccurate negative reporting through Plaintiff's dispute letter.

51. At all times pertinent hereto, Defendant was acting by and through its agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant herein.

52. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor against Defendants based on the following requested relief:

    a. Actual and compensatory damages pursuant to 15 U.S.C. §1681;

    b. Statutory damages pursuant to 15 U.S.C. §1681;

    c. Punitive damages pursuant to 15 U.S.C. §1681;

    d. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1681n, §1681o; and

    e. Such other and further relief as may be necessary, just and proper.

Dated: February 16, 2021

        Respectfully Submitted,

/s/Dennis McCarty
Dennis McCarty
ATTORNEY FOR PLAINTIFF (*Pro Hac Vice to Pend*)
Mississippi Bar No. 102733
Supreme Court of the United States Bar No. 302174
Federal Bar No. 993800
2931 Ridge Rd.
Suite 101 #504
Rockwall, TX 75032
Telephone: 817-704-3375
Fax (817) 887-5069
dennismccartylaw@gmail.com


/s/Jonathan Raburn
Jonathan Raburn
ATTORNEY FOR PLAINTIFF
Louisiana Bar Roll No. 28728
McCarty & Raburn, A Consumer Law Firm, PLLC
2931 Ridge Rd, Suite 101 #504
Rockwall, TX 75032
jonathan@geauxlaw.com
Telephone: 225-412-2777