# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| ANGELA FAULHABER | § | |
| | § | |
| *Plaintiff,* | § | Civil Action No. 4:21-cv-140 |
| | § | Judge Mazzant |
| v. | § | |
| | § | |
| EQUIFAX INFORMATION SERVICE, LLC; AND JPMORGAN CHASE BANK, N.A., | § § § | |
| | § | |
| *Defendants.* | | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Motion to Dismiss for Improper Venue, or Alternatively, to Transfer Venue to the Middle District of Florida (Dkt. #17). Having considered the relevant pleadings and motions, the Court finds the Motion should be **DENIED**.

### BACKGROUND

This case concerns an action for damages under the Fair Credit Reporting Act ("FCRA"). On February 16, 2021, Plaintiff Angela Faulhaber ("Faulhaber") sued Equifax Information Service, LLC ("Equifax") and JPMorgan Chase Bank, N.A. ("Chase") (collectively "Defendants") (Dkt. #1). Plaintiff had two student loan accounts, one for debt owed to Chase and another for debt owed to a non-party to this suit (Dkt. #1 at pp. 2, 4). Plaintiff alleges both student loan accounts were "closed with a zero balance" in July of 2012 (Dkt. #1 at pp. 2, 4). On February 15, 2019, Plaintiff alleges Chase erroneously reported her account as "60-89 Days Past Due" on her Equifax credit report (Dkt. #1 at pp. 2, 4). Plaintiff indicates she informed Equifax by dispute letter of "the inaccurate late pay status" on the Chase accounts (Dkt. #1 at p. 5). Thereafter, Plaintiff alleges Equifax failed to "follow reasonable procedures," "did not provide a good faith

investigation into the disputed pay status," and continues to permit Chase to report the disputed pay status. (Dkt. #1 at p. 6). Plaintiff now brings this suit for damages because "lenders believe that [she] is currently late, which negatively reflects on [her] credit repayment history, [her] financial responsibility as a debtor, and [her] credit worthiness/reputation" (Dkt. #1 at p. 3).

Plaintiff is allegedly a resident in Cape Coral, Florida (Dkt. #17 at p. 2).[1] Chase's principal place of business is in Ohio and Equifax's principal place of business is in Georgia (Dkt. #17 at p. 6 n. 2). Chase currently maintains a corporate headquarters in Plano, Texas, located in the Eastern District of Texas (Dkt. #19 at p. 3; Dkt. #19, Exhibit 2 at p. 1).[2]

On February 16, 2021, Plaintiff filed suit against Defendants in the Eastern District of Texas (Dkt. #1). On July 7, 2021, Defendants filed a Motion to Dismiss for Improper Venue, or Alternatively, to Transfer Venue to the Middle District of Florida, Fort Myers Division pursuant to 28 U.S.C. §§ 1404(a) and 1406 (Dkt. #17). On July 21, 2021, Plaintiff responded (Dkt. #19).

## LEGAL STANDARD

### A. *Motion to Dismiss for Improper Venue*[3]

Federal Rule of Civil Procedure 12(b)(3) allows a party to move to dismiss an action for "improper venue." FED. R. CIV. P. 12(b)(3). Once a defendant raises improper venue by motion, "the burden of sustaining venue will be on [the] Plaintiff." *Cincinnati Ins. Co. v. RBP Chem. Tech., Inc.*, No. 1:07-CV-699, 2008 WL 686156, at *5 (E.D. Tex. Mar. 6, 2008). "Plaintiff may carry this burden by establishing facts that, if taken to be true, establish proper venue." *Id.*

---

[1] According to Defendants, Plaintiff's counsel has not provided Faulhaber's residential address despite requests. However, Faulhaber's LinkedIn page lists her location as "Cape Coral, Florida" (Dkt. #17 at p. 2 n. 1).

[2] Chase contends that the label "headquarters" for their Plano office is erroneous (Dkt. #24). Chase asserts the Plano office is merely a "tech center" that contains no documents or witnesses that would be "relevant or material" in this case (Dkt. #24 at p. 2).

[3] The Court engages in an analysis regarding dismissal for improper venue, although the Court believes this argument is likely waived since Defendant provided scant support or argument that the Eastern District of Texas, Sherman Division is an improper venue (Dkt. #17).

2

(citations omitted).  The Court "must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff."  *Mayfield v. Sallyport Glob. Holdings, Inc.*, No. 6:16-CV-459, 2014 WL 978685, at *1 (E.D. Tex. Mar. 5, 2014) (citing *Ambraco, Inc. v. Bossclip, B.V.*, 570 F.3d 233, 237–38 (5th Cir. 2009)).  In determining whether venue is proper, "the Court may look beyond the complaint to evidence submitted by the parties."  *Ambraco*, 570 F.3d at 238.  If venue is improper, the Court must dismiss, "or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a); FED. R. CIV. P. 12(b)(3).

### B.  *Motion to Transfer Venue*

Section 1404 permits a district court to transfer any civil case "[f]or the convenience of parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to 'an individualized, case-by-case consideration of convenience and fairness.'"  *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).  The purpose of Section 1404 "is to prevent the waste 'of time, energy and money' and 'to protect the litigants, witnesses and the public against unnecessary inconvenience and expense.'"  *Van Dusen*, 376 U.S. at 616 (quoting *Cont'l Grain Co. v. The FBL-585*, 364 U.S. 19, 27 (1960)).

The threshold inquiry when determining eligibility for transfer is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed," or whether all parties consent to a particular jurisdiction. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*").  Once that threshold inquiry is met, the Fifth Circuit has held "[t]he determination of 'convenience' turns on a number of public and private interest

factors, none of which can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004). The private interest factors include (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc) ("*Volkswagen II*"). The public interest factors include (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Id.* These factors are neither exhaustive nor exclusive, and no single factor is dispositive. *Id.*

The party seeking transfer of venue must show good cause for the transfer. *Id.* The moving party must show that the transferee venue is "clearly more convenient" than the transferor venue. *Id.* The plaintiff's choice of venue is not a factor in this analysis, but rather contributes to the defendant's burden to show good cause for the transfer. *Id.* at 315 n.10 ("[W]hile a plaintiff has the privilege of filing his claims in any judicial division appropriate under the general venue statute, § 1404(a) tempers the effects of the exercise of this privilege."). However, "when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *Id.* at 315. While the multi-factor analysis is informative, ultimately, "the district court has broad discretion in deciding whether to order a transfer." *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998) (quoting *Caldwell v. Palmetto State Sav. Bank*, 811 F.2d 916, 919 (5th Cir. 1987)).

## ANALYSIS

**I.        Section 1391(b) Proper Venue**

The FCRA provides that "an action to enforce any liability created under this title . . . may be brought in any appropriate United States district court." 15 U.S.C. § 1681p. Thus, venue for FCRA actions is established under the general venue rules found in 28 U.S.C. § 1391(b). *See Volkswagen II*, 545 F.3d at 312 ("When no special, restrictive venue statute applies [as for FCRA actions], the general venue statute, 28 U.S.C. § 1391, controls a plaintiff's choice of venue."). Pursuant to § 1391(b), a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). If venue is improper, the Court must dismiss, "or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); FED. R. CIV. P. 12(b)(3).

Defendants argue that venue is improper under § 1391(b)(2) because "none of the acts or omissions alleged in the Complaint occurred" in the Eastern District of Texas (Dkt. #17 at p. 4). Defendants contend Plaintiff is a resident of Florida, and her "only tie to Texas appears to be her attorney." (Dkt. #17 at p. 4).

Plaintiff does not dispute Defendants' § 1391(b)(2) arguments (Dkt. #19 at pp. 3–5). However, Plaintiff disagrees with Defendants under § 1391(b)(1), and argues that venue is proper since both Defendants reside in the Eastern District of Texas for purposes of Section 1391(b) (Dkt.

#19 at p. 5). Plaintiff further states venue is proper since Defendants has employees in Texas (Dkt. #19 at pp. 4–5). Defendants deny "resid[ing] in the Eastern District of Texas" (Dkt. #17 at p. 6).

To establish venue, Plaintiff needs to satisfy the requirements of one of the three alternatives set out in § 1391(b). *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 56 (2013). Although Plaintiff did not address whether venue is proper under § 1391(b)(2), venue can still be properly established solely under § 1391(b)(1). *Id*. For venue purposes, "an entity with the capacity to sue and be sued . . . whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2).

Here, there is no doubt Defendants are subject to the Court's personal jurisdiction. Defendants filed their answers to Plaintiff's Complaint with no mention or objection to the court's personal jurisdiction (*See* Dkt. #6; Dkt. #11). Because Defendants did not challenge personal jurisdiction, the defense is waived. *See* FED. R. CIV. P. 12(h)(1); *Adams v. Unione Mediterranea Di Sicurta*, 220 F.3d 659, 667 (5th Cir. 2004); *Broad. Music, Inc. v. M.T.S. Enters., Inc.,* 811 F.2d 278 (5th Cir. 1987); *Cactus Pipe & Supply Co. v. M/V Montmartre,* 756 F.2d 1103, 1107–08 (5th Cir. 1985). When neither Defendant raised an objection to personal jurisdiction, they "submitted to the jurisdiction." *See Knapper v. Safety Kleen Sys.*, No. 9:08-CV-84, 2009 WL 909479 at *3 (E.D. Tex. Apr. 3, 2009); *see also KMR Capital, L.L.C. v. Bronco Energy Fund, Inc.*, No. SA-06-CA-189-OG, 2006 WL 4007922, at *5 (W.D. Tex. July 11, 2006). "With their submission, the improper venue analysis ends." *Id*. (citing *Mid-West Materials, Inc. v. Tougher Indus.,* 484 F. Supp. 2d 726, 733–34 (N.D. Ohio 2007) (citing *Centerville ALF, Inc. v. Balanced Care Corp.,* 197 F. Supp. 2d 1039, 1047-49 (S.D. Ohio 2002) (defendant who did not challenge personal jurisdiction was deemed to reside in the district for venue purposes)); *KMR Capital,* 2006 WL

4007922, at *5 (citing numerous cases for the proposition that because defendant waived personal jurisdiction defense, it resided in the district, and venue was proper).  Because the defendants are subject to personal jurisdiction in the Eastern District of Texas, they are deemed to reside here. 28 U.S.C. § 1391(c)(2).  Thus, venue is proper.  Further, because venue is proper, the Court is not compelled to dismiss under § 1406.

## II.     Section 1404 Transfer

Defendants move to transfer the case to the Middle District of Florida, Fort Myers Division (Dkt. #17 at p. 2).  Defendants argue the case could have been filed in the Middle District of Florida, and that both private and public factors support transfer (Dkt. #17 at pp. 4, 6–10).  Plaintiff responds that the case should not be transferred because venue is proper in the Eastern District of Texas, and the Middle District of Florida is not "clearly more convenient" (Dkt. #19 at pp. 2–5). The Court will first address whether the case could have been filed in the Middle District of Florida, Fort Myers Division.  The Court will then, if applicable, address the private and public factors.

### A.  Appropriateness of Proposed Forum

The threshold inquiry under § 1404(a) is whether the suit could originally have been filed in the destination venue.  *Volkswagen II*, 545 F.3d at 312.  Defendants contend that venue is proper in the Middle District of Florida, Fort Myers Division (Dkt. #17 at p. 4).  Plaintiff does not appear to contest that the Middle District of Florida, Fort Myers Division, is a proper venue for this case (*See* Dkt. #19).  Since this matter is not in dispute, Defendants met the threshold inquiry for a transfer of venue analysis under § 1404(a).  The Court now considers the private and public interest factors.  *Volkswagen II*, 545 F.3d at 315.

7

### B. Private Factors

The Court begins its inquiry by analyzing the private interest factors.

#### 1. Relative Ease of Access to Sources of Proof

The Court finds this factor is neutral. For this factor, courts evaluate where "documents and physical evidence" are stored. *Volkswagen II*, 545 F.3d at 316. The Fifth Circuit cautions that the ease of access to evidence "remains relevant[,] despite technological advances having made electronic document production commonplace." *DataQuill, Ltd. v. Apple Inc.*, No. CA-13-CA-706, 2014 WL 272201, at *3 (W.D. Tex. June 13, 2014) (citing *Volkswagen II*, 545 F.3d at 316). Despite its continued relevance, the ease of access "has become less significant in a transfer analysis because of the advances in copying technology and information storage." *Abatix Corp. v. Capra*, No. 2:07-CV-541, 2008 WL 4427285, at *7 (E.D. Tex. Sept. 24, 2008) (citing *Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 778 (E.D. Tex. 2000)).

Here, Defendants do not argue that its potential evidentiary documents are so voluminous as to make transport to Texas inconvenient. Defendants fail to identify any documentary evidence (*See* Dkt. #17). In a venue analysis, courts gives less weight to the "location of documents" unless they "'are so voluminous [that] their transport is a major undertaking.'" *Dong Sik Yoo v. Kook Bin Im*, No. 4:17-CV-00446, 2018 WL 549957, at *7 (E.D. Tex. Jan. 24, 2018) (citations omitted). Because Defendants have not established that document transport would be a "major undertaking" to the Eastern District of Texas, the Court finds no impediment concerning the ease of access to documents. Furthermore, neither party has identified any physical evidence or where that evidence might be located. Because neither party has identified documentary or physical evidence, or where such proof might be located, this factor is neutral.

8

### 2. Availability of Compulsory Process to Secure Attendance of Witnesses

The Court finds this factor is neutral. A court's subpoena may command a person to attend a trial, hearing, or deposition "within 100 miles of where the person resides, is employed, or regularly transacts business in person, if the person (i) is a party or a party's officer; or (ii) is commanded to attend a trial or would not incur substantial expense." FED. R. CIV. P. 45(c)(1).

Defendants broadly assert witnesses are located in Florida, and the Eastern District of Texas' subpoena power would be ineffective over such unidentified, hypothetical witnesses (Dkt. #17 at pp. 8). But the Court "gives more weight to those specifically identified witnesses" and "less weight to vague assertions." *U.S. Ethernet Innovations, LLC*, 2013 WL 1363613, at *3. Defendants only make vague assertions about the possible location of witnesses (*See* Dkt. #17 at p. 6). This is insufficient.

Because Defendants have not identified any witnesses or where they reside, the Court cannot determine if it, or the Middle District of Florida, has compulsory process to secure their attendance. Thus, this factor is neutral.

### 3. Cost of Attendance for Witnesses

The Court finds this factor is neutral. The Fifth Circuit applies the "100-mile" rule to determine the burden a venue places on witnesses who participate in the case. If "the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Volkswagen I*, 371 F.3d at 204. The Sherman Division is 1,279 miles from the Fort Myers Division.[4] Thus, the 100-mile rule applies. However, the Court is unable to evaluate witness inconvenience based on additional distance traveled.

---

[4] *See* https://maps.google.com (Enter Sherman Division Courthouse Address to Fort Myers Division Courthouse Address).

"The convenience of witnesses is probably the single most important factor in transfer analysis." *In re Genentech, Inc.*, 566 F.3d 1338, 1342 (Fed. Cir. 2009) (quoting *Neil Bros. Ltd. v. World Wide Lines, Inc.*, 425 F. Supp. 2d 325, 329 (E.D. N.Y. 2006)). Defendants contend the Eastern District of Texas will make travel "costly and more time-consuming" for Plaintiff's witnesses (Dkt. #17 at p. 7). Yet Defendants do not identify "specific witness[es] that may have relevant knowledge and who would have to travel to testify." *VanHauen v. American Home Mortg. Servicing, Inc.*, No. 4:11-cv-461, 2011 WL 6955708, at *3 (E.D. Tex. Dec. 15, 2011). In considering witnesses identified by the parties, "[a] district court should assess the relevance and materiality of the information the witness may provide." *In re Genentech, Inc.*, 566 F.3d at 1343. But Defendants argue only hypothetical scenarios, such as "[Plaintiff] and all likely witnesses" will need to travel (Dkt. #17 at p. 7). But such statements are "merely offer[ing] conclusory statements," as the statement is regarding Plaintiff's likely witnesses. *Smith v. Real Page, Inc.*, No. 4:18-CV-025, 2018 WL 3105758, at *6 (E.D. Tex. 2018).

Therefore, the Court is unable to determine the cost or convenience of witnesses since the likely locations of possible witnesses do not aid in the Court's analysis. Because neither Defendants nor Plaintiff identified specific witnesses, "the number and location of willing witnesses is largely speculative at this point." *Uniloc USA, Inc. v. Activision Blizzard, Inc.*, No. 6:13-cv-526, 2014 WL 11609813, at *4 (E.D Tex. July 16, 2014). Although, the Court ordinarily directs its inquiry into (1) who the most relevant witnesses are, and (2) where they reside, the Court is unable to assess the relevance and materiality of any witnesses because the witnesses remain unidentified. *See E-Sys. Design, Inc. v. Mentor Graphics Corp.*, No. 4:17-CV-00682, 2018 WL 2463795, at *3 (E.D. Tex. June 1, 2018).

10

Defendants identified only one witness, the Plaintiff, by name and location (Dkt. #17 at p. 7). However, the Court "give[s] greater weight to the availability and convenience of non-party, key-witnesses" over party witnesses. *See Smith*, 2018 WL 3105758, at *6 (quoting *Mid-Continent Cas. Co. v. Petroleum Solutions, Inc.*, 629 F. Supp. 2d 759, 763 (S.D. Tex. 2009). Because Plaintiff is a party witness, and because Plaintiff chose this forum, the Court gives less weight to Plaintiff's purported inconvenience in trying her case here. *Cf. TIG Ins. Co. v. NAFCO Ins. Co.*, 177 F. Supp. 2d 561, 568 (N.D. Tex. 2001) (stating a court should not transfer a case where the only practical effect is to shift the inconvenience of one party to the other). Thus, this factor is neutral.

### 4. All Other Practical Problems

This factor is neutral. Defendants argue that since the "case is in the early stages, transfer is favored (Dkt. #17 at p.9). Defendants' argument is unpersuasive because this factor is concerned with judicial economy. *Eolas Techs., Inc. v. Adobe Sys., Inc.*, No. 6:09-CV-446, 2010 WL 3835762, at *6 (E.D. Tex. Sept. 28, 2010). Here, there is no evidence that litigating this case in the Eastern District of Texas would "unnecessarily wast[e] judicial resources." *ColorQuick, L.L.C. v. Vistaprint Ltd.*, No. 6:09-CV-323, 2010 WL 5136050, at *8 (E.D. Tex. 2010). Further, there is no evidence that transfer of this case to the Middle District of Florida, Fort Myers Division, would waste or expedite judicial resources.

Neither party suggests any factor weighing in favor of transfer which would make "trial of [this] case easy, expeditious and inexpensive." *See Volkswagen II*, 545 F.3d at 315. Although Plaintiff argues that transferring this case would cause added delay and expense, "the convenience of counsel is not a factor to be assessed in determining whether to transfer a case under 1404(a)." *Volkswagen I*, 371 F.3d at 206. Because the Court remains unconvinced by the parties' arguments

11

of any practical problems weighing in favor or disfavor of transfer (Dkt. #17 at p. 9; Dkt. #19 at pp. 11–12), this factor is neutral.

### C. Public Factors

The Court next analyzes the public interest factors.

#### 1. Administrative Difficulties

The Court finds this factor weighs against transfer. In evaluation this factor, courts are concerned with whether the case will be resolved faster if transferred to the proposed venue. *See Volkswagen II*, 545 F.3d at 316; *Gates Learjet Corp. v. Jenson*, 743 F.2d 1325, 1337 (9th Cir. 1984) ("[T]he real issue is not whether [transfer] will reduce a court's congestion but whether a trial may be speedier in another court because of its less crowded docket."). Defendants state this factor is neutral (Dkt. #17 at p. 10). Plaintiff argues transfer would result in a substantial delay (Dkt. #19 at p. 13).

In 2020, the median time from filing a case to disposition was 8.9 months in the Eastern District of Texas, but 6.2 months in the Middle District of Florida.[5] However, the median time from filing a civil case to trial was 25.7 months in the Middle District of Florida, as compared to 17.5 months in the Eastern District of Texas.[6] Although, this factor "appears to be the most speculative," these statistics indicate the case would be resolved at a faster, or at least similar, pace in the Eastern District of Texas than in the Middle District of Florida. *In re Genentech, Inc.*, 566 F.3d at 1347 (affirming lower court assessment that it could dispose of a case quicker than the transferee venue where the time to disposition was shorter in the transferee venue, but the time to trial was shorter in the transferor venue). Further, "this factor alone should not outweigh several

---

[5] UNITED STATES COURTS, https://www.uscourts.gov/statistics-reports/federal-court-management-statistics-december-2020 (last visited Sept. 15, 2021)
[6] *Id*.

12

other factors tending one way or another." *ColorQuick, L.L.C. v. Vistaprint Ltd.*, No. 6:09-cv-323, 2010 WL 5136050, at *6 (E.D. Tex. July 22, 2010) (citing *In re Genentech, Inc.*, 566 F.3d at 1347). This factor weighs against transfer but only slightly.

### 2. Local Interest

The Court finds this factor is neutral. The appropriate question when analyzing the local interest factor is whether there is a "relevant factual connection" to the Eastern District of Texas. *See Volkswagen II*, 545 F.3d at 317–18. This connection is based on the idea that "[j]ury duty is a burden that ought not be imposed upon the people of a community which has no relation to the litigation." *Volkswagen I*, 371 F.3d at 206.

Defendants argue there is no local interest since neither Defendants nor Plaintiff reside in Texas, the credit transaction did not originate in Texas, and Plaintiff made no payments in Texas (Dkt. #17 at p. 8). Plaintiff disagrees and argues there is local interest, since "credit reporting issues is an issue every adult within the Eastern District of Texas has an interest in" (Dkt. #19 at p. 14).

However, the local interest factor focuses on the connection between the events giving rise to the suit and the venue. *R2 Solutions LLC v. Target Corporation*, No. 4:21-CV-92, 2021 WL 2550908, at *5 (E.D. Tex. June 22, 2021). Plaintiffs do not allege that a majority of the events giving rise to this suit occurred in the Eastern District of Texas (*See* Dkt. #1). Further, Plaintiff's residence has no clear connection to the Eastern District of Texas, although it is unclear where Plaintiff resided at the time of the events giving rise to this suit (Dkt. #17 at p. 2). Nevertheless, Plaintiff chose to bring suit in the Eastern District of Texas. Defendants fail to explain how local interests would favor the Middle District of Florida over the Eastern District of Texas (*See* Dkt. # 17 at p. 8). Thus, this factor is neutral.

### 3. Familiarity of the Forum with Governing Law

The parties do not dispute that this factor is neutral (*See* Dkt. #17 at p. 10; Dkt. #19 at p. 14). Because the FCRA is a federal law, there is nothing to indicate one judicial district is more or less capable or familiar with the law governing this case. *In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008) (noting federal courts are equally capable of applying federal law). This factor is neutral.

### 4. Avoidance of Conflict of Laws

This factor is neutral. The parties do not dispute that this factor is neutral (*See* Dkt. #17 at p. 10; Dkt. #19 at p. 14). Because this case does not present any problems of conflicts of laws or issues related to applying foreign law, this factor is neutral. *Smith*, 2018 WL 3105758, at *21.

After an analysis of the private and public factors, the Court finds that one factor weighs against transfer, none weigh for transfer, and seven are neutral. Defendants have not met their burden of proving transfer would be "clearly more convenient." *Volkswagen II*, 545 F.3d at 315. Because Defendants have not shown that the Middle District of Florida, Fort Myers Division, is clearly more convenient than the Eastern District of Texas, transfer is inappropriate.

## CONCLUSION

It is therefore **ORDERED** that Defendants' Motion to Dismiss for Improper Venue, or Alternatively, to Transfer Venue to the Middle District of Florida (Dkt. # 17) is hereby **DENIED**.

**SIGNED this 4th day of November, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE